IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIERDRE LEE OWENS,             )
                                    )
               Petitioner,        )
                                    )
                v.           )        Civil Action No. 04-309E
                                    )        JUDGE McLAUGHLIN
SHIRLEY MOORE,             )        CHIEF MAGISTRATE JUDGE BAXTER
                                    )
               Respondent.     )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

### II.    REPORT

Petitioner, Dierdre Owens, is a state prisoner incarcerated at the State Correctional Institution at Muncy, Pennsylvania. Owens is serving a life sentence for the 1986 murder of 84-year-old Gerald Gase. Owens and her boyfriend planned the murder of Mr. Gase in order to rob him of about $100. The relevant procedural history will be set forth in the body of the report.

#### A.    Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus proceeding is whether the petition was timely filed under the applicable one-year limitations period. Generally, the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that state prisoners file their federal habeas petition within one year of any of four enumerated events:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1-2).

In determining whether a petition for writ of habeas corpus has been timely filed under AEDPA, a federal court must undertake a three-part inquiry.  First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A).  Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2).  Third, the court

must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In this case, Owens was convicted by a jury in 1986, and her direct appeal concluded on January 11, 1989, when the Pennsylvania Supreme Court denied Owens' petition for allowance of appeal (Docket #9, page 59). Accordingly, Owens' conviction became "final" 90 days later, or on April 12, 1989, when the time for filing a petition for certiorari in the Supreme Court of the United States expired. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the 90–day time limit for filing a writ of certiorari in the Supreme Court). When a petitioner's state court conviction becomes final prior to the effective date of AEDPA, as was the case here, the limitations period begins to run as of April 24, 1996. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). It follows necessarily that the one year limitations period for filing a federal habeas corpus petition under 28 U.S.C. § 2254 expired in this case on or about April 24, 1997. The instant petition was not filed until September 14, 2004, more than 15 years after the conviction became final, and more than 7 years after the expiration of the limitations period. This Court must, accordingly, determine whether petitioner may take advantage of the "tolling" provision in section 2244(d)(2).

Owens filed her first petition pursuant to the Post Conviction Relief Act (PCRA) on May 14, 1990, and relief was denied on May 1, 1991 (Docket #9, page 80). The denial of PCRA relief was affirmed on appeal, and the Pennsylvania Supreme Court denied a petition for allowance

of appeal on April 9, 1992 (Id., page 93). Owens' first state court collateral appeal was concluded long before AEDPA's limitation period was enacted and, accordingly, no tolling occurred.

Owens took no further action to appeal her conviction until July 7, 2003, when she filed her second PCRA petition. This petition was dismissed by the trial court as untimely on September 25, 2003 (Docket #9, page 113). Owens did not appeal the denial of PCRA relief, but instead filed this petition almost a year later in September 2004.

There is no need to determine whether Owens' second PCRA petition tolled the limitations period since the statutory period ran unabated from April 1996 through September 2004, a period of more than 8 years.[1] Further, nothing in the record indicates that Owens is entitled to take advantage of any of the exceptions to the one-year limitations period. Specifically, she has failed to show that any of her claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; nor has she shown that her claims are based on a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. §2254(d)(1)(C-D).

Finally, the one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

---

[1]     And, in any event, tolling would be limited to, at most, a period of several months in 2003 while the PCRA petition was pending, certainly not a sufficient amount to affect the limitations analysis.

extraordinary circumstance stood in his way." Pace v. DiGuglielmo, --- U.S. ---- 125 S.Ct. 1807, 1814, *reh'g denied,* --- U.S. ----, 125 S.Ct. 2931, 162 L.Ed.2d 880 (2005). Also, "[e]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Miller, 145 F.3d at 618-19 (internal citations, quotations, and punctuation omitted); Hizbullahankhamon, v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) ("To equitably toll the one-year limitations period, a petitioner "must show that extraordinary circumstances prevented him from filing his petition on time," and he "must have acted with reasonable diligence throughout the period he seeks to toll." ). Here, the record yields no basis for equitably tolling the statute of limitations. Thus, petitioner's claims are time-barred, and this petition should be dismissed.

### B.     Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because petitioner has not made such a showing, a certificate of appealability should be denied.

### CONCLUSION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


                                         /s/ Susan Paradise Baxter
                                         SUSAN PARADISE BAXTER
                                         CHIEF UNITED STATES MAGISTRATE JUDGE



Dated: February  9, 2006



cc:     The Honorable Sean J. McLaughlin
        United States District Judge